UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

SKYY SPIRITS, LLC,

        Plaintiff,

        v.

SKYY BEVERAGE COMPANY, LLC,
and DOES 1 through 20, inclusive,

        Defendants.

---

Case No.

**COMPLAINT**

**10 CIV 01801**

**JURY TRIAL DEMANDED**

*JUDGE SULLIVAN*

---

Plaintiff SKYY Spirits, LLC ("SKYY" or "plaintiff") for its Complaint against

Defendant Skyy Beverage Company, LLC ("SKYY BEVERAGE" or "defendant"), and DOES

1-20, alleges, on knowledge with respect to its own acts and on information and belief with

respect to all other matters, as follows:

### NATURE OF THE ACTION

1.    Plaintiff SKYY has been marketing and selling vodka, flavored vodkas, and other

beverages under the strongest possible fanciful and famous mark "SKYY" for twenty years. For

almost as many years, SKYY has also marketed, imported, and sold a variety of beverages other

than the SKYY vodka products, including Cutty Sark Scotch whisky, Glen Grant Scotch whisky,

various single malt Scotch whiskies, Tullamore Irish whiskey, Wild Turkey bourbon, Cabo

Wabo tequilas, X-Rated vodka, and other alcoholic and non-alcoholic beverages. SKYY's name

appears on the packaging and marketing materials for these non-SKYY vodka beverage brands

as their importer or owner as an indication of the source and quality of these products. For

similar purposes, SKYY and Miller Brewing Company previously set up the SKYY Beverage

Company, the exact trade name and mark now appropriated by defendant, to market SKYY

Blue, a flavored malt beverage.

2.     SKYY has spent many millions of dollars and substantial time, energy, and resources to ensure that the general public associates the SKYY trademarks exclusively with SKYY and its products. The SKYY mark has been famous since no later than 2002.

3.     Defendant SKYY BEVERAGE owns and markets energy drinks, including BOSS Energy Drink. Defendant changed its name to "SKYY Beverage Company, LLC" from "Danmark, LLC" in or around Fall 2004. SKYY BEVERAGE has applied to the United States Patent and Trademark Office (the "USPTO") for registration on the Principal Register of at least three "BOSS" trademarks for energy drinks, in International Class 32 (energy drinks) and U.S. Class 48 (for malt beverages and liquors). SKYY BEVERAGE is listed as the owner of the BOSS trademarks and of the energy drink beverages. Defendant is therefore using or threatening to use the SKYY marks in connection with the sale, offering for sale, distribution, or advertisement of goods, including beverages. Specifically, defendant is using "SKYY BEVERAGE" as an indicator of the source of these beverages.

4.     These acts, which impair the distinctiveness of the SKYY trademarks, constitute dilution by blurring in violation of 15 U.S.C. § 1125(c). Plaintiff SKYY has no control over the defendant's provision of beverages that are promoted through and identified by marks that use the SKYY name and mark. These acts by defendant also constitute dilution by tarnishment under 15 U.S.C. § 1125(c).

5.     Plaintiff SKYY markets and sells its products under the SKYY trademarks wherever they may legally be sold across the United States and the world, and in New York, in both licensed off premise and on premise venues. Plaintiff SKYY markets extensively on the Internet, in part through its www.skyy.com and related websites. For years plaintiff SKYY has undertaken an extensive program of cross-marketing and licensing the SKYY mark for use in

collateral marketing as well as in product placements in film and every other electronic media. A consumer expects to see the SKYY mark on a wide variety of goods and services and on the Internet, all promoting the SKYY brand. Energy drinks are typically marketed to the same or closely similar consumers through the same or closely similar channels of trade as SKYY's products. Consumers are likely to believe that plaintiff SKYY is associated with defendant SKYY BEVERAGE by sponsorship, approval, source, affiliation or some other connection. Defendant is therefore liable for infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125(a).

**JURISDICTION AND VENUE**

6.    This is a complaint for (a) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (b) unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); (c) dilution of a famous mark under 15 U.S.C. § 1125(c); and (d) common law trademark infringement, unfair competition, deceptive business practices, false advertising, and injury to business reputation and dilution, all arising from defendant's unauthorized use of plaintiff's famous trademarks in defendant's business.

7.    The Court has subject matter jurisdiction over the trademark claims in this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 because these claims are so related to plaintiff's claims under federal law that they derive from a common nucleus of operative fact and form part of the same case or controversy.

8.    The Court has personal jurisdiction over defendant because defendant is a New York limited liability company, has its principal place of business in the State of New York, and

has availed itself of the privilege of doing business in the State of New York during the time relevant to this complaint.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) because defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District where defendant has committed and continue to commit infringing and diluting acts.

## THE PARTIES

10.     At relevant times, plaintiff SKYY Spirits, LLC was, and is, a statutory limited liability company in good standing duly organized and existing under the laws of the State of Delaware, and having its principal place of business in the City and County of San Francisco, California. For all relevant purposes, SKYY Spirits, LLC is a successor-in-interest to SKYY Spirits, Inc., a corporation duly organized and existing under the laws of the State of Delaware. (Plaintiff SKYY Spirits, LLC and SKYY Spirits, Inc. are collectively and interchangeably referred to in the singular in this Complaint as "SKYY").

11.     Defendant Skyy Beverage Company, LLC is a New York limited liability company. At all relevant times, defendant's principal place is and has been in this District.

12.     SKYY is unaware of the true names and capacities of defendants sued as DOE 1 through DOE 20. For this reason, SKYY sues those defendants under fictitious names. SKYY will amend this complaint to replace the fictitious names with true names and capacities of those defendants once those true names and capacities are ascertained. Upon information and belief, the fictitiously named defendants were, at all relevant times, agents employees or representatives of each other or of defendant SKYY BEVERAGE and, in doing the things alleged, were acting within the scope of such agency, employment, or representation. Upon information and belief,

each of the fictitiously named defendants is responsible in some manner for the acts alleged and

that SKYY's damages alleged were proximately caused by such defendant.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

13.    Plaintiff SKYY engages in the business of the domestic production, marketing,

distribution and export of its own brand of premium vodka.  SKYY prides itself in the purity and

quality of its products, which result from its special distillation process.  SKYY also markets,

imports, and sells a variety of beverages other than the SKYY vodka products, including Cutty

Sark Scotch whisky, Glen Grant Scotch whisky, a variety of single malt Scotch whiskies,

Tullamore Irish whiskey, Wild Turkey bourbon, Cabo Wabo tequilas, X-Rated vodka, and other

alcoholic and non-alcoholic beverages.  SKYY's name appears on the packaging and marketing

materials for these non-SKYY vodka beverage brands as their importer or owner and as an

indication of the source and quality of these products.

14.    SKYY is the owner of numerous common law trademarks, as well as the

following federally registered trademarks, among others (collectively, the "SKYY Trademarks"):

| Mark | Registration No. | Description of Goods/Services |
|---|---|---|
| SKYY | Reg No. 3193669 | Distilled spirits, namely vodka in International Class 33 |
| SKYY | Reg No. 2296158 | Distilled spirits, namely vodka in International Class 33 |
| SKYY 90 and blue and silver bottle design | Reg No. 3246272 | Alcoholic beverages, namely vodka in International Class 33 |
| SKYY 90 | Reg No. 3072018 | Alcoholic beverages, namely vodka in International Class 33 |
| SKYY BERRY | Reg No. 2863714 | Alcoholic beverages, namely flavored vodka coolers in International Class 33 |
| SKYY BLUE and design | Reg No. 3115902 | Malt liquor based beverage in International Class 32 Flavored Vodka Coolers in International Class 33 |
| SKYY BLUE | Reg No. 2960067 | Malt liquor based beverages in International Class 32 |

| Mark | Registration No. | Description of Goods/Services |
|------|------------------|-------------------------------|
| SKYY CITRUS | Reg No. 2476371 | Distilled spirits, namely vodka in International Class 33 |
| SKYY INFUSIONS | Reg No. 3458780 | Alcoholic beverages, namely vodka infused with flavors in International Class 33 |
| SKYY MELON | Reg No. 3032357 | Alcoholic beverages, namely flavored vodka in International Class 33 |
| SKYY ORANGE | Reg No. 3050305 | Alcoholic beverages, namely flavored vodka in International Class 33 |
| SKYY SPICED | Reg No. 2863716 | Alcoholic beverages, namely flavored vodka coolers in International Class 33 |
| SKYY SPORT | Reg No. 2890397 | Alcoholic beverage produced from a brewed malt liquor base with natural flavors in International Class 33 |
| SKYY VANILLA | Reg No. 2863715 | Alcoholic beverages, namely flavored vodka coolers in International Class 33 |
| SKYY VODKA and blue square label design | Reg No. 1571223 | Vodka in International Class 33 |
| SKYY VODKA 40% ALCOHOL BY VOLUME (80 PROOF) and blue bottle design | Reg No. 3223293 | Alcoholic beverages containing vodka, excluding beer in International Class 33 |

15.    These registrations are subsisting, uncancelled, unrevoked and uncontestable.

16.    Beginning in 1988 and continuing to date, SKYY has used the SKYY Trademarks in commerce in connection with SKYY's alcoholic beverage business. SKYY's marks are very strong and have been famous since no later than 2002.

17.    SKYY has extensively and continually advertised and promoted the SKYY Trademarks. Moreover, SKYY has invested substantial time, energy and resources to develop the SKYY Trademarks and to ensure that the general public associates those trademarks exclusively with SKYY and its quality products. Each of the SKYY Trademarks is inherently arbitrary, fanciful, distinctive or suggestive, or has otherwise acquired secondary meaning in the relevant channels of trade to refer solely to SKYY. The SKYY mark has been distinctive from

the date of its first registration filing with the United States Patent and Trademark Office in 1988.

18.    SKYY has been vigilant in protecting its interests in the SKYY Trademarks and has frequently acted against use of the SKYY Trademarks by unauthorized parties or in an unauthorized manner.

19.    SKYY has recently become aware that defendant is using in commerce the confusingly similar trade name and mark "Skyy Beverage Company" ("Defendant's Mark") in connection with the promotion, marketing and sale of products similar to SKYY's products.

20.    Specifically, on or around May 21, 2009, defendant filed applications with the United States Patent and Trademark Office for the registration of trademarks for three energy drinks, listing "SKYY BEVERAGE" as the owner/applicant.  Those applications are currently pending before the U.S.P.T.O.

21.    Energy drinks, including those owned by defendant, are marketed and sold to the same or closely similar consumers through the same or closely similar channels of trade as SKYY's products.

22.    On or about October 2, 2009, SKYY wrote to Skyy Beverage Company to demand that it cease and desist using the trade name and mark "Skyy Beverage Company" and the SKYY marks.  Defendant has not responded.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement – 15 U.S.C. § 1114)

23.    SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

24.    SKYY's federal registrations of the SKYY Trademarks are conclusive evidence of SKYY's exclusive right to use these marks in commerce, pursuant to 28 U.S.C. § 1115.

25.     Defendant's use in commerce of Defendant's Mark in connection with its beverages and their promotion and advertising materials is likely to cause confusion or mistake, or likely to deceive the public, thereby constituting infringement of SKYY's trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     As a proximate result of defendant's actions, SKYY has suffered and will continue to suffer ongoing and irreparable injury for which SKYY has no adequate remedy at law.

27.     Defendant's acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

28.     For the foregoing reasons, SKYY is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin – 15 U.S.C. § 1125(a))

29.     SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

30.     The SKYY Trademarks, as used by SKYY and its licensees in connection with SKYY's alcoholic beverage business, are distinctive marks and have become so associated with SKYY that they exclusively identify SKYY's business and its products.

31.     Defendant's wrongful use in commerce of Defendant's Mark in connection with their beverages and in their promotion and advertising materials is likely to cause confusion or mistake, or to deceive members of the public into believing that defendant's services are affiliated, connected or otherwise associated with SKYY, thereby constituting false designation

of origin, passing off, false advertising and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

32.    As a proximate result of defendant's actions, SKYY has suffered and will continue to suffer ongoing and irreparable injury for which SKYY has no adequate remedy at law.

33.    Defendant's acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

34.    For the foregoing reasons, SKYY is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Dilution of Famous Mark – 15 U.S.C. § 1125(c))

35.    SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

36.    SKYY has used the SKYY Trademarks in connection with its business since at least 1988. During this time, SKYY has continuously and vigorously used the SKYY Trademarks in the promotion and advertising of its products, both domestically and world-wide. For example, for the past fourteen years SKYY Vodka has achieved double-digit growth and is now the leading domestic producer of super premium vodka in the United States selling approximately 2,500,000 cases annually. SKYY's efforts to promote and expand the use of the SKYY Trademarks in connection with its business have led to widespread and favorable public acceptance and recognition of the SKYY Trademarks, for example, as evidenced by receiving Impact magazine's "Hot Brand" award for twelve consecutive years, an award that recognizes

rapid growth and acceptance over a long period of time. For the foregoing reasons, the SKYY Trademarks are famous within the meaning of 15 U.S.C. § 1125(c).

37.    Defendant started using Defendant's Mark in commerce well after the SKYY Trademarks became famous. Defendant's use of Defendant's Mark in the provision of its beverages is likely to cause an unwarranted association between the defendant's goods and the SKYY Trademarks that impairs the distinctiveness of the SKYY Trademarks. These acts by Defendant constitute trademark dilution by blurring in violation of 15 U.S.C. § 1125(c).

38.    SKYY has no control over defendant's beverages that are promoted through and identified by marks that are confusingly similar to the SKYY Trademarks. Accordingly, defendant's use of the Defendant's Mark is likely to cause an unwarranted association between the defendant's goods and the SKYY Trademarks that harms the reputation of the SKYY Trademarks. These acts by defendant constitute trademark dilution by tarnishment in violation of 15 U.S.C. § 1125(c).

39.    As a proximate result of defendant's actions, SKYY has suffered and will continue to suffer ongoing and irreparable injury for which SKYY has no adequate remedy at law.

40.    Defendant's acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

41.    For the foregoing reasons, SKYY is entitled to a preliminary and permanent injunction, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, treble damages, disgorgement of profits, costs and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

42.    SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

43.    Since at least 1988, SKYY and/or its predecessors in interest have produced, marketed, distributed and sold its own brand of vodka, flavored vodkas and other beverages, all under the SKYY trade name and bearing the SKYY Trademarks.  More importantly, SKYY Trademarks have been registered with the United States Patent and Trademark Office since at least 1989.  For almost as many years, SKYY and/or its predecessors in interest have also imported, marketed and sold a variety of non-SKYY beverages.  SKYY's trade name appears on the packaging and marketing materials for these non-SKYY brands as their importer or owner as an indication of the source and quality of these products.

44.    Defendant changed its name to "Skyy Beverage Company, LLC" from "Danmark, LLC" in or around Fall 2004.  Thereafter, on or around May 21, 2009, defendant filed applications with the United States Patent and Trademark Office for the registration of trademarks for three energy drinks, listing "SKYY BEVERAGE" as the owner/applicant.

45.    The SKYY trade name and SKYY Trademarks, as used by plaintiff in connection with its beverage business, are distinctive marks and have become so associated with plaintiff that they exclusively identify plaintiff's business and its products.

46.    Defendant is using or threatening to use Defendant's Mark, SKYY BEVERAGE, as an indicator of the source of its energy drinks and in connection with the sale, offering for sale, distribution, or advertisement of its energy drink products.

47.    The misappropriation and use of the SKYY trade name and the SKYY Trademarks by defendant SKYY BEVERAGE in the sale, offering for sale, distribution, or

advertisement of its products gives rise or will give rise to a likelihood of confusion or mistake between the marks. There is a substantial likelihood of confusion, reverse confusion and indeed there has been actual confusion.

48.    Defendant's use in commerce of Defendant's Mark in connection with its products and their promotion and advertising materials infringes upon the SKYY trade name and the SKYY Trademarks.

49.    Defendant's acts alleged above constitute common law infringement of the SKYY Trademarks.

50.    Defendant has made and will make substantial profits through its infringing activities to which it is not in law or in equity entitled.

51.    Defendant intends to continue its infringing conduct unless restrained by this Court.

52.    Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to SKYY's rights for which New York law allows imposition of exemplary damages.

53.    Defendant's wrongful acts have caused and will continue to cause SKYY substantial and irreparable injury for which SKYY has no adequate remedy at law.

54.    SKYY is entitled to injunctive relief and exemplary damages.

55.    In addition, SKYY is entitled to reasonable attorneys' fees in connection with this action.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition)

56.    SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

57.    Defendant's acts as set forth above have resulted and/or will result in confusion in the market for SKYY's products, have confused and deceived and/or will confuse and deceive consumers regarding the origin of defendant's products, and constitute unfair competition in violation of the common law of the State of New York and every other state in which such acts have occurred.

58.    Defendant's acts as set forth above were committed in bad faith, intentionally, or recklessly.

59.    Defendant intends to continue its infringing conduct unless restrained by this Court.

60.    Defendant's wrongful acts have caused and will continue to cause SKYY substantial and irreparable injury for which SKYY has no adequate remedy at law.

61.    SKYY is entitled to injunctive relief and actual and punitive damages in an amount to be proven at trial.

62.    In addition, SKYY is entitled to reasonable attorneys' fees in connection with this action.

### SIXTH CLAIM FOR RELIEF
#### (Deceptive Business Practices)

63.    SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

64.    The acts set forth above constitute a deceptive means of conducting business. Such acts are repeated and ongoing on a daily basis in various locations throughout the State of New York and in other jurisdictions.

65.    SKYY has been and continues to be injured in its business and property as a result of defendant's unlawful, deceptive, and improper activities.

66.    Defendant's conduct constitutes a series of acts in violation of the New York Deceptive Practices Act, General Business Law § 349.

67.    SKYY is entitled to and hereby seeks its actual and statutory damages, pursuant to the New York Deceptive Practices Act, General Business Law § 349, in amounts to be determined at trial.

68.    In addition, SKYY is entitled to its reasonable attorney's fees and costs in connection with this action pursuant to New York Deceptive Practices Act, General Business Law § 349.

## SEVENTH CLAIM FOR RELIEF
### (False Advertising)

69.    SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

70.    The acts of defendant set forth above constitute labeling that is misleading in a material way and constitutes false advertising, as defined by the New York Deceptive Practices Act, General Business Law § 350-a, and the common law.

71.    SKYY has been and continues to be injured in its business and property as a result of defendant's acts of false advertising.

72.    Accordingly, pursuant to the New York Deceptive Practices Act, General Business Law § 350-e, SKYY is entitled to injunctive relief enjoining such unlawful acts, and is also entitled to recover actual and statutory damages up to the maximum amounts allowed by law.

73.    In addition, defendant's acts were willful or knowing.  Accordingly, SKYY is entitled to recover punitive damages up to the maximum amount allowed by law.

74.     SKYY is entitled to its reasonable attorney's fees and costs in connection with this action pursuant to the New York Deceptive Practices Act, General Business Law § 350-e.

### EIGHTH CLAIM FOR RELIEF
### (Injury to Business Reputation and Dilution)

75.     SKYY incorporates by reference the allegations set forth in all the foregoing paragraphs of this Complaint.

76.     The acts of defendant set forth above have created a significant likelihood of injury to SKYY's business reputation and/or dilution of the distinctive quality of the SKYY Trademarks, in violation of New York General Business Law § 360-*l*.

77.     Accordingly, pursuant to New York General Business Law § 360-m, SKYY is entitled to injunctive relief enjoining such unlawful acts, and is entitled to all of defendant's profits derived from and/or all damages suffered by reason of defendant's infringing activity.

78.     In addition, defendant's acts were willful or knowing.  Accordingly, SKYY is entitled to recover punitive damages up to the maximum amounts allowed by law, and is also entitled to its reasonable attorney's fees and costs in connection with this action pursuant to New York General Business Law § 360-m.

### DEMAND FOR JUDGMENT

WHEREFORE, SKYY prays for judgment as follows:

1.     That defendant and its members, agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendant, and each of them, be preliminarily and permanently enjoined from:

    a.   using Defendant's Mark or any colorable imitation thereof;

    b.   using the SKYY Trademarks or any colorable imitation thereof;

c.  using any trademark that imitates or is confusingly similar to or in any way similar to the SKYY Trademarks, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of SKYY's products or their connection to defendant; and

2.  That defendant be required to file with the Court and serve on SKYY within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the Injunction;

3.  That, pursuant to 15 U.S.C. § 1117, defendant be held liable for all damages suffered by SKYY resulting from the acts alleged herein;

4.  That, pursuant to 15 U.S.C. § 1117, defendant be compelled to account to SKYY for any and all profits derived by it from its illegal acts complained of herein;

5.  That defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of defendant bearing a trademark found to infringe SKYY's trademark rights, as well as all plates, matrices, and other means of making the same;

6.  That the Court declare this to be an exceptional case and award SKYY its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7.  That the Court grant SKYY any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law, including without limitation the common law of the State of New York and Sections 349, 350-a, 350-e, 360-*l*, and 360-m of the General Business Law of the State of New York;

8.    That the Court award SKYY full costs and attorneys' fees pursuant to Sections

349, 350-e and 360-m of the General Business Law of the State of New York; and

9.    For such other and further relief as the Court shall deem just and proper.

DATED: March 5, 2010          LANE SASH & LARRABEE LLP


By: _____
            J. Mark Lane (JL 0595)
        106 Corporate Park Drive, Suite 110
        White Plains, New York 10604
        Telephone:  (914) 251-0001
        Facsimile:  (914) 251-0969

        JEFFER, MANGELS, BUTLER & MARMARO LLP
        James Wesley Kinnear
        Two Embarcadero Center, Suite 500
        San Francisco, California 94111
        Telephone:  (415) 398-8080
        Facsimile:  (800) 219-2807

        Attorneys for Plaintiff
        SKYY SPIRITS LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all issues so triable.

DATED: March 5, 2010

LANE SASH & LARRABEE LLP

By: _____
       J. Mark Lane (JL 0595)
       106 Corporate Park Drive, Suite 110
       White Plains, New York 10604
       Telephone:  (914) 251-0001
       Facsimile:  (914) 251-0969

       JEFFER, MANGELS, BUTLER & MARMARO LLP
       James Wesley Kinnear
       Two Embarcadero Center, Suite 500
       San Francisco, California 94111
       Telephone:  (415) 398-8080
       Facsimile:  (800) 219-2807

       Attorneys for Plaintiff
       SKYY SPIRITS LLC